UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES MARTIN,

    Plaintiff,

v.                                  Case No. 23-C-483

MICHAEL FUGATE,
KYLE ROHDE,
DAVID WISNIEWSKI, and
JOSEPH LANNOYE,

    Defendants.

## SCREENING ORDER

Plaintiff Charles Martin, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.[1] This matter comes before the Court on Martin's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Martin has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Martin has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.92. Martin's motion for leave to proceed without prepaying the filing fee will be granted.

---

[1] Martin originally sued three John Doe Defendants. On June 29, 2023, he filed a motion to amend his complaint to identify the names of the Doe Defendants. Dkt. No. 13. The Court will grant the motion and has updated the caption accordingly.

# SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Martin explains that, on January 21, 2023, he left his cell to go to the medication line. He states that he was speaking to other inmates when Defendant Michael Fugate yelled at him to get in line. Martin did not immediately comply, so Fugate again yelled at Martin to get in line. Martin asserts that he told Fugate to watch how he talks to him because he is "not like these other dudes" and he will "get on that." According to Martin, Fugate then walked toward him and grabbed him by the shoulder. Martin asserts he did not know what Fugate's intentions were, so he punched him four to six times "to create distance." Martin asserts that Fugate then struck him in the chest with his knee and wrestled him to the ground, at which point Martin stopped resisting. Dkt. No. 1 at 3–4.

According to Martin, once he was on the ground, Defendants Kyle Rohde, David Wisniewski, and Joseph Lannoye came to help Fugate detain Martin. He asserts that, even though he had stopped resisting, they twisted his arm and repeatedly bounced his head off the ground. Martin states that he yelled at them to stop hurting him because he was not resisting. Once he was handcuffed, he was placed in a spit mask and transferred to the restrictive housing unit and placed on observation status. Martin asserts that after he calmed down, he noticed his head was hurting, so he asked an officer to contact health services. Martin asserts that his headache progressed to dizziness and vomiting. He states that he told numerous officers about his symptoms and submitted multiple health services slips but was not examined until five days later. He states that he was eventually taken to the hospital where he received a CT scan and it was confirmed he had a concussion. He was instructed to limit his screen time and avoid strenuous activity. *Id.* at 5-6.

## THE COURT'S ANALYSIS

The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir.

3

2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). While it appears that Fugate's initial use of force (a knee strike and wrestling Martin to the ground) was applied in a good-faith effort to restore discipline, Martin's allegations that Defendants twisted his arm and repeatedly slammed his head against the ground after he stopped resisting are sufficient for him to proceed on an excessive force claim.

Martin does not, however, state a claim based on allegations that he was not immediately evaluated after he complained of headaches, dizziness, and vomiting. Nothing suggests that Defendants were responsible for the delayed treatment, and a defendant will be liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at his direction or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). In any event, Martin suffered no harm from the delay, as the only treatment he received was a recommendation that he avoid screens and strenuous activity, which he was already doing. *See Petties v. Carter*, 836 F.3d 722, 730-31 (7th Cir. 2016) (holding that a delay may be actionable only when it exacerbates an injury or unnecessarily prolongs pain).

**IT IS THEREFORE ORDERED** that Martin's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Martin's motion for leave to amend the complaint to identify the Doe Defendants (Dkt. No. 13) is **GRANTED**. The clerk's office shall update the caption to reflect that the names of the John Doe Defendants are Kyle Rohde, David Wisniewski, and Joseph Lannoye.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Martin's complaint and this order are being

4

electronically sent today to the Wisconsin Department of Justice for service on Michael Fugate, Kyle Rohde, David Wisniewski, and Joseph Lannoye.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Michael Fugate, Kyle Rohde, David Wisniewski, and Joseph Lannoye shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Martin shall collect from his institution trust account the $338.08 balance of the filing fee by collecting monthly payments from Martin's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Martin is transferred to another institution, the transferring institution shall forward a copy of this Order along with Martin's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Martin is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional

Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>	Honorable William C. Griesbach
>	c/o Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	125 S. Jefferson Street, Suite 102
>	Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Martin is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 5th day of July, 2023.

>	s/ William C. Griesbach
>	William C. Griesbach
>	United States District Judge